**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ADDETTE DANDRIDGE**                                                        **PLAINTIFF**

vs.                                                               **No. 3:10-CV-575-CWR-LRA**

**TYSON FOODS, INC.; TYNET INC.;**                                  **DEFENDANTS**
**PAULA MEJIA, individually and as
agent for Defendants Tyson Foods, Inc.,
and Tynet, Inc.; WILKINS TIPTON, P.A.;
WILKINS STEPHENS & TIPTON, P.A.;
ROBERT R. STEPHENSON, JR, Esq.,
individually and as agent for Defendants
Tyson Foods, Inc., Tynet, Inc., Paula Mejia, Wilkins
Tipton, P.A. and Wilkins Stephens &
Tipton, P.A. and JOHN AND JANE DOES 1-10.**

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's motion to remand. The Court, having considered the motions, the responses thereto, and the briefs and authorities cited, concludes that the motion should be DENIED.

**I. FACTS/PROCEDURAL HISTORY**

In the instant lawsuit, which was originally filed on September 30, 2010 in the First Judicial District of the Circuit Court of Hinds County, Addette Dandridge, a resident of Newton County, Mississippi alleges that she suffered a work place injury while "under the employ of Defendant Tyson" on December 19, 2008. Complaint [Docket No. 1-1], at ¶ 11. Specifically, she "lodged a complaint of severe pain to the left side of her body, center of her back with pain down to her left lower leg." *Id*. After receiving follow-up treatment with her primary physician, Dr. Samuel Olaleye, at Newton Regional Hospital on December 22, 2008, she was deemed unable to work until she received treatment by an orthopedic doctor. *Id*., at ¶ 14. Dandridge further alleges that after filing a workers' compensation claim based on this injury, the Defendants improperly denied the same

without any basis. *Id.*, at ¶ 15.

The complaint alleges several grounds for recovery enumerated under the following causes of action: (1) breach of contract; (2) infliction of emotional distress; (3) breach of implied duties of good faith and fair dealings; (4) bad faith and (5) respondeat superior. [Docket No. 1-1] at 9-15. In particular, for more than thirty paragraphs of her Complaint, Dandridge proceeds to describe how the Defendants, Tyson Foods, Paula Mejia, an insurance adjuster in the employ of TyNet, Inc., Wilkins Tipton P.A., Wilkins Stephens & Tipton, P.A. and Robert Stephenson, Jr., Esq. (hereinafter collectively referred to as "Wilkins" or the "Wilkins defendants"), who served as counsel to Tyson in the workers' compensation matter, denied her benefits without investigation and with no good faith basis for delay. Complaint [Docket No. 1-1], at ¶¶ 17 and 41. Dandridge further alleges that the Defendants', including Wilkins, lack of diligence in the "claim's handling and the refusal to pay benefits in the face of overwhelming medical and factual proof" constituted clear bad faith causing direct harm to her. *Id.*, at ¶ 42.

Dandridge castigates Defendants Tyson, TyNet and Mejia for relying on the advice of the Wilkins defendants claiming they should have known that their attorneys had no good faith basis to deny the indemnity and medical benefits to which she was allegedly entitled. *Id.* at ¶ 60, 63. She claims to have exhausted and fully pursued every administrative remedy available to receive her indemnity and medical benefits, *see*, *id.* at ¶ 46, but because of the Defendants' actions she was unable to receive proper medical treatment; was unable to pay her medical bills and household expenses; and could not meet her other financial obligations *Id.* at ¶¶ 44-45.

The heart of the claim against the Wilkins defendants is expressed in ¶ 71 of the Complaint, to-wit:

> As members of the legal profession, Defendants Stephenson, Wilkins Stephens and

>Wilkins Tipton knew their failure to admit and pay the claim and benefits owed to Plaintiff was unjustified under any interpretation of the law.

*See also*, *id*., at ¶ 64 (Defendant Wilkins had a duty to render legal services in a manner consistent with the laws of the State of Mississippi); and ¶ 72 (Wilkins' refusal to abide and comply with the Order of the Mississippi Workers' Compensation Commission was without legitimate or arguable reason and by doing so participated in bad faith breach of contractual duties of Plaintiff). For these alleged claims and causes of action, Dandridge seeks economic and non-economic damages including damages for past, present and future pain and suffering, emotional and mental anguish, damages for breach of contract and extra-contractual damages and punitive damages. See Complaint [Docket No. 1-1], at ¶¶ 81-83 and pp. 16-17. Defendants timely removed this action based on diversity jurisdiction, and Dandridge has now filed a Motion to Remand. The Defendants responded to the Motion to which Dandridge submitted her Rebuttal. This matter, therefore, is ripe for adjudication.

## II. LEGAL ANALYSIS

"Federal Courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Mehrtens v. America's Thrift Stores, Inc.*, 2011 WL 2111085 *1 (S.D. Miss. May 26, 2011), *citing Epps v. Bexas-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Congress has spoken on the issue of suits that are filed in state court on which federal district courts have original jurisdiction. Civil actions, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states, *see*, 28 U.S.C. § 1332, may be removed to federal court. 28 U.S.C. § 1441. The party removing the case and invoking the jurisdiction of the federal court has the burden of establishing federal jurisdiction. *B., Inc. v. Miller*

3

*Brewing Co.*, 663 F.3d 545 (5th Cir. 1981).  "Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction."  *Mehrtens, supra*, at *1 (citations omitted).  *See also*, *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)(removal statutes are construed "strictly against removal and for remand."); and *Massarella v. The Lane Co., Inc.*, 298 F.Supp.2d 430, 432 (N.D. Miss. 2002).

  The sole question before the Court is whether it should maintain jurisdiction over the present matter.  The parties do not dispute that during the relevant time period, Tyson Foods, Inc., and Tynet, Inc., were corporations organized under the laws of the State of Delaware, with their principal place of business and home office located in Springdale, Arkansas.  See *Answer and Defenses of Tyson Foods, Inc., TyNet, Inc. and Paula Meja* [Docket No. 4], at ¶¶ 3-4.  Neither do the parties dispute that Paula Mejia is a resident and citizen of the State of Arkansas.  See *Defendants', Tyson Foods, Inc., TyNet, Inc. and Paola Majia Memorandum Response to Plaintiff's Motion to Remand* [Docket No. 14], at 3.  Moreover, there is no disagreement that Dandridge is seeking damages far in excess of $75,000 even though she claims no specific monetary amount.  Rather, the dispute centers around whether complete diversity exists as Defendants contend that the Wilkins defendants have been fraudulently joined.  *Id*., at 4.  Dandridge, in opposition, contends there is no such fraudulent joinder; thus subject matter jurisdiction should not confer upon the parties in this Court, and this Court must remand this matter to the Hinds County Circuit Court.

  Because fraudulent joinder is alleged by the Wilkins defendants, in order to meet this burden they must show either:  (1) actual fraud in the pleading of jurisdictional facts or the citizenship status of the Wilkins defendants, or (2) inability of the plaintiff to establish a cause of action against the Wilkins defendants in state court.  *Elam v. The Kansas City Southern Ry.* Co., 2011 WL 873561 (5th Cir. March 15, 2011) (citations omitted).  The Wilkins defendants must do so by clear and

4

convincing evidence. *Rogers v. Modern Woodmen of America*, 1997 WL 206757, *2 (N.D. Miss. 1997 Apr. 10, 1997).

As Defendants have not alleged fraud in the pleadings with regard to jurisdictional facts or the citizenship status of the Wilkins Defendants, the Court needs to only focus on whether there is a possibility that a state court would find a cause of action stated against any one of the non-diverse Wilkins Defendants on the facts alleged by Dandridge. In making this determination, a district court should ordinarily conduct a Rule 12(b)(6)-type analysis. *Doss v. NPC Int'l, Inc.,* 2010 WL 1759153, at *6 (N.D. Miss. April 29, 2010) (internal citation omitted). Plaintiff only has to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). All factual allegations in the Complaint must be construed in the light most favorable to the Plaintiff and all contested issues of substantive fact, too, must be construed in Plaintiff's favor. However, the Court may "pierce the pleadings and conduct a summary inquiry," but [i]n doing so . . . the Court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.' " *Doss*, 2010 WL 1759153, at *6. Ambiguities in state law and factual disputes must be resolved in favor of Plaintiffs. *Id.*

There is no ambiguity here. Mississippi law is clear: an attorney owes no duty to an adverse party in a case he is litigating. *Roussel v. Robbins,* 688 So.2d 714, 725 n.4 (Miss.1996). *See also, James v. Chase Manhattan Bank*, 173 F.Supp.2d 544, 552 (N.D. Miss. 2001) ("This Court is unaware of any authority, however, not only in Mississippi, but anywhere in the country, which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating."); and *Ellis v. Wayne Farms, Inc.*, 3:10cv580 TSL-FKB, at 3-4 (S.D. Miss. Dec. 27, 2010)(same)(citing *Roussel* and *Chase Manhattan*). Plaintiff's position is simply untenable and

5

borders on frivolity.[1] When counsel and their clients are offended by the lack of due diligence and the lack of good faith in which counsel opposite litigates a case, they may seek relief from the official presiding over the matter under the governing rules. *See, e.g.* Rules 11 & 37 of the Mississippi Rules of Civil Procedure and Federal Rules of Civil Procedure. *See also*, Miss Code Ann. § 11-55-5(1) (Rev. 2002)(Litigation Accountability Act of 1988 allows for court to award reasonable attorney's fees and costs against any party or attorney defenses are assert without substantial justification).[2] In addition, a party may even request a court to invoke its inherent authority to deal with attorneys who engage in bad faith conduct negatively affecting the administration of justice. Lastly, even where a party does not request relief, courts may invoke its inherent authority *sua sponte* where it is evident that an attorney is acting in bad faith or abusing the litigation process. *See*, *e.g.*, *Collins v. Koppers, Inc.*, 59 F.3d 582 (Miss. 2011)(court raised on its own motion the Litigation Accountability Act of 1988 noting that "'[i]f sanctions are not appropriate and justified in this case, then this court can conceive of no circumstances under which sanctions would ever be warranted.'").

On the other hand, Mississippi law does not provide an avenue for an adverse party to sue counsel in an independent action rooted in contract for certain alleged breaches of duties because the attorney has no fiduciary duty to a third party. To the contrary, counsel's duty of care and duty of loyalty are to his client. Consequently, allowing Dandridge to sue the Wilkins defendants would

---

[1] In fact, in the *Ellis* case, the Honorable Tom S. Lee rejected this exact claim brought by the same Plaintiff's counsel against this same Wilkins law firm and another of its attorneys.

[2] Apparently Plaintiff is frustrated with the way in which her workers compensation case was defended. However, even before that administrative body, discovery is conducted in "accordance with the Mississippi Rules of Civil Procedure relating to depositions and discovery (Rules 26-37)." Procedural Rule 9, Rules of the Mississippi Workers' Compensation Commission.

be "inimical to the American adversary system." *Chase Manhattan Bank*, 173 F.Supp.2d at 550.[3] Once the Defendants presented the law, which Plaintiff obviously overlooked or ignored, a concession by Dandridge would have been appropriate. Yet, Dandridge inexplicably continued to push her conclusory allegations which are not supported by Mississippi law. Simply stated, there exists no reasonable possibility of recovery against the Wilkins Defendants. *Ellis*, *supra*, at 4.

Accordingly, the Court finds that the Wilkins defendants were fraudulently joined and Plaintiff's Motion to Remand, therefore, must be denied.

SO ORDERED this the 10th day of June, 2011.

                                             s/Carlton W. Reeves
                                             UNITED STATES DISTRICT JUDGE

---

[3] The one case, *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991), Dandridge cites in support of her proposition that she has stated a possible claim against the Wilkins defendants, simply is not applicable. The Court also is not persuaded by Dandridge's feeble attempt to distinguish the *Roussel* and *Chase Manhattan* cases. Furthermore, the Court rejects Dandridge's statement that "neither of these cases [is] binding authority or precedent that this Court must follow." *Memorandum of Authorities in Support of Combined Rebuttal to Defendants Tyson Foods, Inc., TyNet, Inc., and Paola Mejia's Response to Plaintiff's Motion to Remand; and to Robert J. Stephenson, Jr., Esq.'s and Wilkins Tipton, P.A.'s Response in Opposition to Plaintiff's Motion to Remand* [Docket No. 18], at 8. With respect to *Roussel*, she is simply wrong. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 79-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See also*, *Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990)(federal court sitting in diversity must apply the substantive law of the state in which it is sitting except when the matter before it is governed by the United States Constitution, an Act of Congress, a treaty international law, the domestic law of another country, or in special circumstances, by federal common law). With respect to *Chase Manhattan*, though not binding precedent, the thoughtful opinion provides a very cogent analysis of Mississippi law with which this Court agrees.